UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON,

    Plaintiff,

v.

E. HALL, et al.,

    Defendants.

No. 2: 19-cv-1752 KJN P

ORDER

Plaintiff is a state prisoner, proceeding through counsel. On September 5, 2019, defendants removed this action from Lassen County Superior Court. Defendants request that the court screen this action, pursuant to 28 U.S.C. § 1915A.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, regardless of whether plaintiff is represented by counsel. 28 U.S.C. § 1915A(a); In re Prison Litig. Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997) ("District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as [§ 1915A] does not differentiate between civil actions brought by prisoners.").

For the reasons stated herein, plaintiff's claim alleging violation of his Fourth and Fourteenth Amendment rights is dismissed with leave to amend.

Legal Standard for Screening

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted," or that "seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v.

<u>McKeithen</u>, 395 U.S. 411, 421 (1969) (citations omitted).

<u>Plaintiff's Claims</u>

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR"), High Desert State Prison ("HDSP"), California Correctional Health Care Services ("CCHCS"), Correctional Officers Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon and Wentz, and Nurses Chiguaque and Rice.

Plaintiff alleges that on June 27, 2017, he was attacked by inmates on the C-yard with some form of weapon. Plaintiff was stabbed in the back. Defendants Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and Anderson were watching the yard and charged with the safety and security of plaintiff. Plaintiff alleges that the alarm never sounded. Plaintiff grabbed a towel and proceeded toward the gun tower where an officer, believed to be defendant Wentz, did not want to let plaintiff be treated by medical staff.

Plaintiff was eventually let inside and told by a correctional officer that someone had long fingernails, because plaintiff had cuts on his back. Plaintiff was placed in a holding cell and began to clean his wounds. Plaintiff noticed that he had a 6 to 7 inch cut on the back of his shoulders along with wounds to the back of his head. As plaintiff cleaned his wounds, defendant Wentz told staff that plaintiff had to be sent back to the yard. Plaintiff alleges that defendants Rice and Chiguaque observed his wounds but did nothing or little to treat them.

Plaintiff was instructed to return to the yard. As plaintiff re-entered the yard approximately fifteen minutes after the attack, plaintiff was again attacked by two inmates while defendants Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and Anderson were charged with maintaining plaintiff's safety. At this time, the alarm sounded and defendant Hall yanked plaintiff's arm back, causing plaintiff to suffer a torn rotator cuff in his right shoulder as plaintiff lay on the ground and was not resisting.

The complaint contains the following legal claims: 1) negligence against all defendants; 2) excessive force in violation of the Fourth and Fourteenth Amendment against all defendants, except for defendants CCHCS, Rice and Chiguaque; 3) violation of the Bane Act against all defendants, except for defendants CCHCS, Rice and Chiguaque; 4) battery against all defendants,

3

except for defendants CCHCS, Rice and Chiguaque.

Plaintiff seeks money damages.

Discussions

A. Defendants CDCR, HDSP and CCHCS

At the outset, the undersigned finds that a state waives Eleventh Amendment immunity by removing a case to federal court. See Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 619-24 (2002). That is so because "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter ... in a federal forum." Id. at 624. The waiver applies to both state law and federal law claims, regardless of the motive for removal, and irrespective of any amendments to the complaint made in federal court following removal. Embury v. King, 361 F.3d 562, 564-66 (9th Cir. 2004) ("hold[ing] to a straightforward, easy-to-administer rule in accord with Lapides: Removal waives Eleventh Amendment immunity").

Because defendants removed this action, plaintiff's state and federal claims against defendants CDCR, HDSP and CCHCS are not barred by Eleventh Amendment immunity.

Plaintiff alleges that defendants CDCR and HDSP violated his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. However, CDCR and HDSP are not proper defendants in an action brought pursuant to 42 U.S.C. § 1983 for the following reasons.

To succeed on a § 1983 claim, a plaintiff must show that a person acted under color of state law and deprived the plaintiff of rights secured by the Constitution or federal statutes. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). However, a state is not a person for purposes of § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997) (citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). State agencies are also not persons within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. at 64. Even if a state waives its Eleventh Amendment immunity in a § 1983 action, it is still not subject to suit because it is not a person under § 1983. Itagaki v. Frank, 2010 WL 2640110 at *4 (D. Haw. 2010) (citing Osterioh v. ARDC, 1996 WL 885548 at *3 n. 3 (D. Neb. 1996)).

////

4

For the reasons discussed above, plaintiff's § 1983 claims against defendants CDCR and HDSP are dismissed. If plaintiff alleges claims pursuant to § 1983 against these defendants in an amended complaint, the undersigned will recommend that they be dismissed.

B. Claims Based on Fourth and Fourteenth Amendment Violations

Plaintiff alleges that defendants violated the Fourth and Fourteenth Amendments by using excessive force. As noted by defendants in the notice of removal, excessive force claims brought by prisoners based on alleged excessive force committed by prison officials should be brought under the Eighth Amendment, rather than the Fourth and Fourteenth Amendments. Accordingly, plaintiff's excessive force claim is dismissed, with leave to amend, because it is improperly brought based on the Fourth and Fourteenth Amendments.

The undersigned makes the following additional observations regarding plaintiff's excessive force claims.

To state a claim for damages under 42 U.S.C. § 1983 based on the Eighth Amendment's prohibition of cruel and unusual punishment through the use of excessive force, a prisoner's allegations must meet certain tests. The "core judicial inquiry" focuses on "...the nature of the force—specifically, whether it was nontrivial and "was applied .... maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). Only unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson, 503 U.S. at 5 (citations omitted).

For claims of excessive physical force, courts look to "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action," and "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force...." Id. at 9-10 (internal quotations and citations omitted). Thus, only force which is employed "maliciously and sadistically to cause harm" rises to the level of an Eighth Amendment violation. Id. at 7. An inmate who "complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 537-38 (quoting Hudson, 503

U.S. at 9.

In the complaint, plaintiff appears to base his excessive force claim on the alleged attacks by other inmates and defendant Hall's alleged yanking of plaintiff's arm, causing a torn rotator cuff, as plaintiff lay on the ground and was not resisting. The allegations against defendant Hall state a potentially colorable Eighth Amendment claim based on excessive force.

The theory behind plaintiff's claim that defendants used excessive force in connection with the attacks by the inmates is less clear. Plaintiff may be alleging that defendants Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and Anderson failed to protect him from the inmates who committed the first attack by failing to sound the alarm.

Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To succeed on a failure-to-protect claim against an official, an inmate must establish three elements. First, the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm. Id. Second, he must show that the official was deliberately indifferent to his safety. Id. "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. Third, the inmate must show that the defendants' actions were both an actual and proximate cause of his injuries. Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013). This showing means that the inmate's injury would not have occurred but for the official's conduct (actual causation) and no unforeseeable intervening cause occurred that would supersede the official's liability (proximate causation). Conn v. City of Reno, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), vacated by 563 U.S. 915 (2011), reinstated in relevant part by 658 F.3d 897 (9th Cir. 2011).

Plaintiff has not pled sufficient facts demonstrating that defendants acted with deliberate indifference with respect to the first attack. Plaintiff pleads no facts demonstrating that defendants saw the attack and had the opportunity to take action to stop the attack, such as sounding the alarm. Plaintiff's allegations that defendants were watching the yard and charged

6

with plaintiff's safety and security are not sufficient to state a claim for deliberate indifference. If plaintiff includes an Eighth Amendment failure to protect claim against these defendants in an amended complaint, he shall address the issue of deliberate indifference.

Plaintiff alleges that defendant Wentz told staff to return plaintiff to the yard after the first attack. The undersigned cannot find that these allegations alone state a potentially colorable Eighth Amendment claim because plaintiff has not pled sufficient facts demonstrating that defendant Wentz acted with deliberate indifference. Plaintiff has not pled sufficient facts demonstrating that defendant Wentz knew that plaintiff faced a substantial risk of serious harm when plaintiff returned to the yard. Plaintiff does not allege, for example, that the inmates who committed the second attack were the same inmates who committed the first attack. Plaintiff also does not allege the attacks were related. If plaintiff includes an Eighth Amendment failure to protect claim against defendant Wentz in an amended complaint, he shall address the issue of deliberate indifference.

Plaintiff alleges that at the time of the second attack, defendants Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and Anderson were charged with maintaining his safety. Plaintiff alleges that an alarm sounded at the time of the second attack. If plaintiff is alleging that these defendants failed to protect him from the inmates who committed the second attack, plaintiff has not pled sufficient facts demonstrating that these defendants acted with deliberate indifference. Plaintiff does not specifically describe the opportunity these defendants had to intervene to protect plaintiff from the second attack. If plaintiff includes an Eighth Amendment claim against these defendants in an amended complaint, he shall address the issue of deliberate indifference.

Plaintiff also alleges that defendants "were aware of widespread beatings and use of excessive force by C.O.s and instead of taking proper steps to discipline these C.O.s, the unlawful conduct and practices were condoned, encouraged, fostered and/or ratified." Plaintiff's claim that defendants' policies, practices and customs led to his injuries is apparently made against defendants CDCR and HDSP. As discussed above, CDCR and HDSP are not proper defendants. Accordingly, this claim is dismissed.

Conclusion

For the reasons discussed above, plaintiff's Fourth and Fourteenth Amendment claims are dismissed with thirty days to file an amended complaint. Because plaintiff has not stated a potentially colorable claim pursuant to 42 U.S.C. § 1983, the undersigned does not address plaintiff's state law claims in this order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////
////
////
////
////

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's claims alleging violations of the Fourth and Fourteenth Amendments are dismissed; plaintiff is granted thirty days from the date of this order to file an amended complaint; if plaintiff does not file an amended complaint within that time, the undersigned will issue further orders.

Dated: September 13, 2019

_KENDALL J. NEWMAN_
UNITED STATES MAGISTRATE JUDGE

John1752.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>E. HALL, et al.,<br><br>        Defendants. | No. 2: 19-cv-1752 KJN P<br><br>NOTICE OF AMENDMENT |

    Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____       Amended Complaint

DATED:

                                              _____<br>                                              Plaintiff