UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON,

    Plaintiff,

v.

E. HALL, et al.,

    Defendants.

No. 2: 19-cv-1752 KJN P

ORDER & FINDINGS & RECOMMENDATIONS

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, the undersigned recommends that plaintiff's federal claims be dismissed and that the remaining state law claims be remanded to the Lassen County Superior Court.

On September 5, 2019, defendants removed this action from Lassen County Superior Court. (ECF No. 1.) Defendants requested that the court screen this action. (Id.) On September 13, 2019, the undersigned issued an order screening the complaint. (ECF No. 3.)

Named as defendants in the complaint are the California Department of Corrections and Rehabilitation ("CDCR"), High Desert State Prison ("HDSP"), California Correctional Health Care Services ("CCHCS"), Correctional Officers Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and Anderson, and Nurses Chiguaque and Rice. (ECF No. 1 at 11.)

////

1          Plaintiff alleges that on June 27, 2017, plaintiff was stabbed by inmates. (Id.) Plaintiff
2   alleges that defendants Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and
3   Anderson failed to sound the alarm when the stabbing occurred. (Id.) Plaintiff alleges that
4   defendants Rice and/or Chiguaque failed to treat his wounds. (Id.) Plaintiff alleges that when he
5   reentered the yard, plaintiff was attacked by two inmates. (Id.) Plaintiff alleges that during the
6   second attack, defendants Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz
7   and Anderson knew that he was in danger of being attacked again. (Id.)
8          The complaint contains the following legal claims: 1) negligence against all defendants;
9   2) excessive force in violation of the Fourth and Fourteenth Amendments against all defendants,
10  except for defendants CCHCS, Rice and Chiguaque; 3) violation of the Bane Act against all
11  defendants, except for defendants CCHCS, Rice and Chiguaque; and 4) battery against all
12  defendants, except for defendants CCHCS, Rice and Chiguaque. (Id. at 12-15.)
13         The undersigned dismissed plaintiff's claims against defendants CDCR and HDSP,
14  brought pursuant to 42 U.S.C. § 1983, because these defendants are not state actors. (ECF No. 3
15  at 4-5.) The undersigned dismissed plaintiff's Fourteenth and Fourth Amendment claims because
16  claims brought by prisoners based on alleged excessive force committed by prison officials
17  should be brought under the Eighth Amendment. (Id. at 5.) The undersigned did not address
18  plaintiff's state law claims. The undersigned granted plaintiff thirty days to file an amended
19  complaint and ordered that if plaintiff did not file an amended complaint within that time, the
20  undersigned would issue further orders. (Id. at 9.)
21         Thirty days passed from September 13, 2019, and plaintiff did not file an amended
22  complaint. Accordingly, for the reasons stated in the September 13, 2019 order, the undersigned
23  recommends that plaintiff's Fourth and Fourteenth Amendment claims be dismissed. The
24  undersigned also recommends that plaintiff's claims against defendants CDCR and HDSP,
25  brought pursuant to 42 U.S.C. § 1983, be dismissed.
26         For the reasons stated herein, the undersigned recommends that the court decline to
27  exercise supplemental jurisdiction over plaintiff's state law claims.
28  ////

Federal courts have the discretion to exercise supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Even if supplemental jurisdiction exists, however, district courts may decline to exercise supplemental jurisdiction over a claim if: (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

"While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs[1] values 'of economy, convenience, fairness, and comity.'" Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted).

The undersigned finds that the court has supplemental jurisdiction over plaintiff's state law claims because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, because the undersigned recommends dismissal of the federal claims, the undersigned recommends that the court decline to exercise supplemental jurisdiction over these state law claims. The values of economy, convenience, fairness and comity support this recommendation.

The undersigned must next consider whether to dismiss or remand the remaining state law claims to the Lassen County Superior Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-52 (1988) (when relinquishing jurisdiction, the district court must then choose whether to dismiss the remaining claims without prejudice or to remand the case to state court.)

When considering remand, the court may also consider whether a party engaged in manipulative tactics to secure their desired forum. Id. at 357. But amendment to eliminate federal claims after removal is not evidence, in itself, of manipulative tactics. Baddie v. Berkeley

---

[1] United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966).

Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995).

Remand of this action is warranted because this action no longer contains federal claims. In addition, plaintiff clearly desires a state forum because three of plaintiff's four claims allege violations of state law, and plaintiff has permitted dismissal of his federal claims. Finally, neither this court nor the Lassen County Superior Court has put a substantial amount of work into this case.[2] See Molina v. Rite Aid, 2019 WL 121194 at *2-3 (C.D. Cal. 2019) (remanding removed action to state court after plaintiff filed amended complaint removing reference to federal claims); Fletcher v. Solomon, 2006 WL 3290399 at *4 (N.D. Cal. 2006) ("Here, plaintiffs clearly desire a state forum …Neither this court nor the Superior Court has put a substantial amount of work into this case. While it might be fair to not remand this action…the other concerns of economy, convenience, and comity would be served by returning to state court what is now at an early stage a purely state-law action.")

Accordingly, the undersigned recommends that this action be remanded to Lassen County Superior Court.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's claims alleging violations of the Fourth and Fourteenth Amendments be dismissed;
2. Plaintiff's claims against defendants CDCR and HDSP brought pursuant to 42 U.S.C. § 1983 be dismissed; and
3. This action be remanded to the Lassen County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] Plaintiff filed this action in the Lassen County Superior Court on June 25, 2019. (ECF No. 1 at 6.)

4

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 31, 2019

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

John1752.fta