AARON L. TURNER-Bar No. 207837
LAW OFFICES OF AARON L. TURNER
357 W. 2nd Street, Suite 10
San Bernardino, CA 92401
Telephone:  (909) 383-8480
Facsimile: (909) 383-8484
E-Mail:ALTURNERLAW@HOTMAIL.COM

**Attorneys** for Plaintiff CHARLES JOHNSON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, a public entity; HIGH DESERT STATE PRISON, a public entity; CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, a public entity; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER E. HALL, an individual; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER D. HOLLANDSWORTH, an individual;; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER ROBERT DAVID, an individual; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER B. SPEIKER, an individual; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER PHILLIPS, an  individual; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER N. SMITH, an individual; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER SHANNON, an individual, CALIFORNIA DEPARTMENT OF CORRECTIONS | CASE NO.:  2:19-cv-01752-KJN P<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**<br><br>**1.  Violation of 42 USC §1983 (Violation of Eighth Amendment Rights): Cruel and Unusual Punishment; Excessive Force**<br><br>**2.  Violation of 42 USC §1983 (Violation of Eighth Amendment Indifference to Health and Safety; Denial of Due Process**<br><br>**3.  State Violation of California Civil Code §52.1 "The Bane Act"**<br><br>**4.  Battery**<br><br>**5.  Negligence and Negligent Infliction of Emotional Distress**<br><br>**DEMAND FOR JURY TRIAL** |

CORRECTIONAL OFFICER A. WENTZ, an individual; CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER E. ANDERSON, an individual; CALIFORNIA DEPARTMENT OF CORRECTIONS REGISTERED NURSE G. CHIGUAQUE, an individual; CALIFORNIA DEPARTMENT OF CORRECTIONS REGISTERED NURSE B. RICE, an individual; and DOES 1 TO 30,

Defendants.

COMES NOW Plaintiff CHARLES JOHNSON ("Plaintiff" or "Mr. Johnson") and amends his Complaint as follows:

## I.    JURSIDICTION AND VENUE

1.      Venue is proper in this district because the underlying acts, omissions, injuries, and related facts and circumstances giving rise to the present action occurred in the Eastern District of California.

2.      This Court has jurisdiction of Plaintiff's federal claims under 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 and 1343.  Plaintiff invokes pendent jurisdiction of this Court to consider the claims arising under state law.  Plaintiff's state law claims are subject to the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1292(b).

3.      All conditions precedent to filing a lawsuit have been met including the timely of a claim pursuant to the California Tort Claims Act on December 21, 2017.

4.      Plaintiff filed a series of 602 Inmate Grievance Forms and exhausted all administrative remedies at the initial, intermediate, and final director level.

## II.    PARTIES

5.      At all times herein mentioned, Charles Johnson, is and at all times mentioned in this complaint a citizen of the United States, and prisoner in the custody of the California Department of Corrections, High Desert State Prison in the County of Lassen in Susanville, California.

6.     At all times herein mentioned defendant California Department of Corrections and Rehabilitation ("CDCR") was an entity responsible for providing law enforcement and detention services for the State of California, including supervising, operating, and managing High Desert State Prison ("HDSP").  At all times herein mentioned HDSP is and was at all times relevant a state funded prison and operated by CDCR.  At all times herein mentioned defendant California Correctional Health Care Services ("CHCS") was an entity responsible for providing health care services to inmates housed with defendant CDCR and HDSP.  All officers and personnel employed by HDSP and CHCS are employees of defendant CDCR.  Defendants CDCR, HDSP, and CHCS are liable for the negligent, reckless and willful acts of all of these aforementioned parties, personnel and entitles as described herein.

7.     CDCR was at all times mentioned herein, operating, maintaining, managing and doing business as HDSP, a state owned and operating correctional and rehabilitation facilty for men in the State of California, County of Lassen, and as such assumed the responsibility of providing Constitutionally mandated level of food, shelter, medical aid, and safety to inmates housed withing the HDSP as wards of the state, as well as responsible for overseeing the day to day operations and security of the prison.  All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants and/or employees and each of them, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service and or employment with CDCR, HDSP and CHCS.  Moreover, Defendants and their agents ratified all of the acts complained of herein.

8.     At all times herein mentioned defendant California Department of Corrections Correctional Officer E. Hall, an individual, is a correctional officer sued herein in his individual and personal capacity.  Defendant's conduct herein was done under color of legal authority pursuant to his position as a CDCR correctional officer.

9.     At all times herein mentioned defendant California Department of Corrections Correctional Officer D. Hollandsworth, an individual, is a correctional officer sued herein in his individual and personal capacity.  Defendant's conduct herein was done under color of legal

1  authority pursuant to his position as a CDCR correctional officer.

2        10.    At all times herein mentioned defendant California Department of Corrections

3  Correctional Officer Robert David, an individual, is a correctional officer sued herein in his

4  individual and personal capacity.  Defendant's conduct herein was done under color of legal

5  authority pursuant to his position as a CDCR correctional officer.

6        11.    At all times herein mentioned defendant California Department of Corrections

7  Correctional Officer B. Speiker, an individual, is a correctional officer sued herein in his

8  individual and personal capacity.  Defendant's conduct herein was done under color of legal

9  authority pursuant to his position as a CDCR correctional officer.

10        12.    At all times herein mentioned defendant California Department of Corrections

11  Correctional Officer Phillips, an individual, is a correctional officer sued herein in his individual

12  and personal capacity.  Defendant's conduct herein was done under color of legal authority

13  pursuant to his position as a CDCR correctional officer.

14        13.    At all times herein mentioned defendant California Department of Corrections

15  Correctional Officer N. Smith, an individual, is a correctional officer sued herein in his individual

16  and personal capacity.  Defendant's conduct herein was done under color of legal authority

17  pursuant to his position as a CDCR correctional officer.

18        14.    At all times herein mentioned defendant California Department of Corrections

19  Correctional Officer Shannon, an individual, is a correctional officer sued herein in his individual

20  and personal capacity.  Defendant's conduct herein was done under color of legal authority

21  pursuant to his position as a CDCR correctional officer.

22        15.    At all times herein mentioned defendant California Department of Corrections

23  Correctional Officer A. Wentz, an individual, is a correctional officer sued herein in his

24  individual and personal capacity.  Defendant's conduct herein was done under color of legal

25  authority pursuant to his position as a CDCR correctional officer.

26        16.    At all times herein mentioned defendant California Department of Corrections

27  Correctional Officer E. Anderson, an individual, is a correctional officer sued herein in his

28  individual and personal capacity.  Defendant's conduct herein was done under color of legal

1    authority pursuant to his position as a CDCR correctional officer.

2         17.    At all times herein mentioned defendant California Department of Corrections

3    Registered Nurse G. Chiguaque, an individual, is a registered nurse sued herein in his/her

4    individual and personal capacity.  Defendant's conduct herein was done under color of legal

5    authority pursuant to his position as a CDCR and/or CHCS registered nurse.

6         18.    At all times herein mentioned defendant California Department of Corrections

7    Registered Nurse B. Rice, an individual, is a registered nurse sued herein in his/her individual and

8    personal capacity.  Defendant's conduct herein was done under color of legal authority pursuant

9    to his position as a CDCR and/or CHCS registered nurse.

10        19.    At all times herein mentioned all Defendants, named and unnamed, were and are

11   duly appointed officers, correctional officers, registered nurses, agents and employees of

12   Defendants CDCR, HDSP, and CHCS.

13        20.    At all times herein, each and every Defendant was the agent of each and every

14   other Defendant and had the legal duty to oversee and supervise the hiring, conduct and

15   employment of each and every Defendant named and unnamed in this complaint.

16        21.    The true names and capacities, whether individual, corporate, association or

17   otherwise of Defendants Does 1 TO 30, inclusive, are unknown to Plaintiff who otherwise sues

18   these Defendants by such fictitious names.  Each Defendant is sued individually as defined in the

19   present complaint.  Plaintiff will seek leave to amend this complaint to show the true names and

20   capacity these Defendants when they have been ascertained.  Each of the fictitiously named

21   Defendants is responsible in some manner for the conduct or liabilities alleged herein.

22        22.    In doing the acts and failing and/or omitting to act as hereinafter described,

23   Defendants and each of them, were acting on the implied and/or with the actual permission and

24   consent of CDCR, HDSP and/or CHCS.  At all times herein, Defendants Does 1 to 30 inclusive,

25   were duly appointed agents, employees and/or representatives of CDCR, HDSP, and/or CHCS

26   acting in the course and scope of their employment.

27   **III.    COMMON FACTUAL ALLEGATIONS**

28        23.    Plaintiff Charles Johnson ("Plaintiff" or "Mr. Johnson") is and was at all times

1    relevant an African-American male incarcerated beginning on January 5, 2001 at HDSP and with

2    CDCR.

3         24.    Upon information and belief, Plaintiff alleges that on or about June 27, 2017, in

4    the morning hours Plaintiff was on the C-yard working out when he was attacked by an inmate

5    with a knife on his back and jaw and was stabbed.  Individual Defendants E. Hall, D.

6    Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, and E.

7    Anderson and Does 1 to 30 were watching the C-yard, charged with the duty as Facility C

8    Observation officers, and were charged with the safety and security of Plaintiff.  The alarm never

9    sounded.  On information and belief, Defendants E. Hall, D. Hollandsworth, Robert David, B.

10   Speiker, Phillips, N. Smith, Shannon, A. Wentz, E. Anderson, and Does 1 To 30 observed the

11   attack on Plaintiff, observed Plaintiff's injuries, and observed Plaintiff in pain.  Plaintiff grabbed a

12   towel and proceeded toward the gun tower when a correctional officer employed by defendants

13   CDCR and HDSP, including those listed above, and upon information and belief believed to be

14   individual defendant A. Wentz and/or Does 1 to 30, did not want to let Plaintiff be treated by

15   medical staff while observing his injuries including his stab and cut wounds.  Plaintiff was

16   eventually let inside if the medical portion of the facility and was told by a Correctional Officer

17   that somebody had long fingernails because Plaintiff had cuts on his back.   Plaintiff was placed

18   in a holding cell and Plaintiff started cleaning his own wounds and noticed that he had a 6 to 7

19   inch cut on the back of his shoulder along with wounds to the back of his head and a stab wound

20   to his cheek.  Plaintiff was bloody, was bleeding continuously as a result of his injuries and was

21   in extreme pain.  These injuries caused Plaintiff to have extremely bloody clothes.  Plaintiff's

22   injuries and outward manifestation of extreme pain was observed by Defendants E. Hall, D.

23   Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, and E.

24   Anderson and Does 1 to 30.  As Plaintiff was cleaning his wounds individual Defendant A.

25   Wentz received a call from an unknown correctional officer and immediately told Defendant G.

26   Chiguaque that Plaintiff needed to go back to the yard, despite his injuries and pain, because

27   "they" were not through with him yet.  Neither defendant G. Chiguaque, nor Defendant B. Rice

28   who was also present and observed Plaintiff's injuries and pain, insisted that Plaintiff be treated

for his extreme injuries prior to being ordered back to the yard.   Defendants B. Rice and/or G. Chicagaque and/or Does 1 to 30, observed Plaintiff's wounds and did nothing to treat Plaintiff's wounds.

25.   Defendant A. Wentz then ordered Plaintiff back to the yard despite the fact that he was injured, in pain, and was subject to further attack because of the vulnerable state that he was in with full knowledge from years of employment, training and experience that Plaintiff was vulnerable to further attack by other violent inmates because of the state that he was in.

26.   Upon information and belief, Defendants and each of them know that attacks occur quite often on persons in prison by other inmates.  Particularly, on information and belief, defendants and each of them know that violent inmates attack other inmates that are in a weakened and vulnerable condition because they will not be able to defend their self.  Plaintiff was not given a change of clothes and was order to go back to the yard with other dangerous inmates, that defendants and each of them knew were dangerous, in the same bloody clothes that he wore during the initial attack and knowing that because of the severe injuries that Plaintiff sustained, he was not in a position to defendant himself should he be attacked and would be subject to attack by inmates who prey on the weak.

27.   On information and belief, approximately 2 minutes after Plaintiff re-entered the C-yard where he was previously attacked, and while Plaintiff was walking to his housing unit because if the injuries that he sustained, 2 inmates approached Plaintiff in an angry and hostile manner while defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, and E. Anderson and Does 1 to 30 observed the inmates approaching Plaintiff in an angry and hostile manner at which time he was attacked by those 2 inmates.  The aforementioned defendants, knowing and objectively seeing that Plaintiff was severely injured, in a vulnerable state, and unable to defend himself, and observing the 2 inmates coming over to Plaintiff in an angry and hostile manner to attack him, did nothing to stop the attack. The aforementioned Defendants could have ordered the approaching inmates to cease their approach of Plaintiff, could have addressed those inmates individually, or simply ordered Plaintiff to a location of protection.  The aforementioned defendants did not do anything to separate Plaintiff

1    from the general population while he was injured in an effort to protect him.

2          28.     At this time, the alarm sounded.  Defendant E. Hall ordered Plaintiff to lay down

3    flat on the ground and in a prone position with his arms pointed out and away from his sides.

4    Plaintiff immediately fully complied and laid down on the ground in Defendant E. Hall's

5    presence without any resistance and in full compliance of Defendant E. Hall's commands.

6    Although Plaintiff was fully compliant, had no weapons, and was the victim of the attack,

7    Defendant E. Hall yanked Plaintiff's arm back and up causing Plaintiff to suffer a torn rotator cuff

8    in his right shoulder.

9          29.     On information and belief, Defendant E. Hall is a peace officer trained in the

10   California Commission on Peace Officer Standards and Training ("POST") and participated in

11   the Use of Force Learning Domain in addition to the CDCR use of force policies and procedures.

12   Upon information and belief, Defendant E. Hall was trained in the use of force spectrum which is

13   used to determine the amount of force to be used when arresting or detaining individuals.

14   Plaintiff contends that Defendant E. Hall did not adhere to that use of force spectrum and or the

15   policies and procedures of the CDCR and/or HDSP and the information learned in his POST

16   training.  Defendant E. Hall did not first order Plaintiff to stand up, nor did he simply handcuff

17   him and assist him to the ground in light of the fact that Plaintiff was not resisting and was fully

18   compliant.

19         30.     Plaintiff contends that Defendant E. Hall used excessive force, unjustifiable and

20   unreasonable force by yanking Plaintiff's arm to restrain him and pick him up from the ground

21   when reasonable, non-excessive force was available for Defendant E. Hall to utilize.

22         31.     Plaintiff contends that the affirmative acts of the defendants, including defendant

23   E. Hall, were committed maliciously and sadistically as each of the defendants deliberately

24   intended that Plaintiff suffer great bodily injury as a result therefrom.  Defendant E. Hall's intent

25   to cause harm was manifested by the fact that he could have used less force as he was in a

26   position of authority, has trained armed correctional officers in towers with assault rifles to

27   protect him should Plaintiff choose to attack him, could have simply placed handcuffs on Plaintiff

28   and ordered him to stand on his feet, or used light physical assistance without using unnecessary

force to get him to his feet in light of the fact that he was stabbed and injured. Defendant E. Hall's malicious and sadistic intent to cause harm was further manifested by the fact that neither Plaintiff nor the persons that attacked him had any weapons and Plaintiff was severely injured and not in a position to give any form of resistance. The acts described herein demonstrate a deliberate and conscious indifference and disregard to the life and well being of Plaintiff such that the imposition of punitive damages is warranted against defendant E. Hall.

32.   Defendants's actions, including but not limited to Defendant E. Hall, were intentional, negligent and done with deliberate indifference to Plaintiff's health and safety and in degradation of his statutory and constitutional rights under the State of California as well as the United States Constitution and its several Amendements.

33.   Defendants acted within the course and scope of their employment for Defendants and with their employees and agents, negligently, recklessly, carelessly, unskillfully and/or intentionally resulting in Plaintiff's great bodily injuries.

34.   Defendant E. Hall assaulted and battered Plaintiff under color of law causing great bodily injury, including but not limited to a torn rotator cuff, while Defendants and Does 1 to 30 stood by idly and watched nearby without objection, failing to intervene, or prevent further injury.

35.   Defendant A. Wentz placed Plaintiff in a position of peril by forcing Plaintiff to re-enter the yard in an injured and vulnerable state with dangerous and violent inmates, while under color of law, causing great bodily injury, including by not limited to, a torn rotator cuff, while Defendants and Does 1 to 30 stood by idly and watched nearby without objection, failing to intervene, or prevent further injury.

36.   Plaintiff was unreasonably assaulted and battered with deliberate indifference for his health, safety, and right to medical aid due to the actions of Defendants E. Hall and Does 1 to 10.

37.   On information and belief several other correctional officers named herein as Does 1 to 30 ratified the actions of Defendants and Does 1 to 30 and by their omissions and failure to act or protest the actions of the Defendants, including but not limited to Defendants E. Hall and Defendant A. Wentz, impliedly consented to their offensive, unreasonable, and unlawful behavior

1    causing negligent and intentional infliction of emotional distress on Plaintiff.

2        38.    Upon information and belief, Defendant E. Hall and Does 1 to 10 acted with

3    malicious and sadistic intent to cause harm, deliberate malice and/or indifference and/or reckless

4    disregard to Plaintiff toward Plaintiff's Federal and State rights, caused his unreasonable seizure,

5    used unreasonable excessive force against Plaintiff, subjected Plaintiff to cruel and unusual

6    punishment, failed to intervene to prevent or thwart further injury, and targeted Plaintiff without

7    probable cause or any reasonable factual basis to support the assault, unreasonable seizure and

8    use of excessive force by Defendant E. Hall against Plaintiff.

9        39.    On information and belief Defendant E. Hall and Does 1 to 30 participated in the

10   unreasonable seizure, use of excessive force, and of authority against Plaintiff under color of law

11   in accordance with unauthorized, yet established practices, customs and procedures because such

12   acts were ratified, condoned, and acquiesced by Defendants CDCR and HDSP.

13       40.    Upon information and belief HDSP has a history of violence, unreasonable

14   seizure, use of excessive force, and deliberate indifference toward the health and safety of its

15   inmates.

16       41.    The incident subjected Plaintiff to extreme and unnecessary stress, pain and

17   injuries in the form of headaches, generalized body pain, extreme pain in his right shoulder,

18   contusions, and a torn rotator cuff.  Additionally, Plaintiff suffered and continues to suffer

19   extreme emotional distress.  Defendants owed a duty of care toward Plaintiff and were required to

20   use reasonable diligence to ensure Plaintiff safety while in their care custody and control.

21   Pursuant to Government Code §§ 815.2 and 820 defendants' actions and omissions were negligent

22   and reckless, including but not limited to: a) the failure to properly assess the need to use force

23   against Plaintiff; b) the negligent tactics and handling of the situation with Plaintiff; c) the

24   negligent use of excessive force against Plaintiff; d) the failure to properly train, supervise, and

25   discipline employees, including individual defendants; e) the negligent failure to provide timely

26   and proper medical assistance to Plaintiff; and f) the negligent hiring, retention and assignment

27   employees including the individual defendants.  As a result of their conduct, Defendants are liable

28   for Plaintiff's injuries, either because they were integral participants in the misconduct, or because

1   they failed to intervene when they had an opportunity and duty to do so to prevent these

2   violations, and failed to provide proper medical care.  Plaintiff is informed and believes and

3   thereon alleges that the acts of the individual defendants were negligent, willful, malicious,

4   oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights,

5   welfare and safety, thereby justifying an award of punitive damages and exemplary damages in an

6   amount to be determined at trial.

### IV.   FEDERAL CAUSES OF ACTION

**FIRST CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983**

**Violation of Eighth Amendment Rights**

**Cruel and Unusual Punishment; Excessive Force**

**(Against Defendant E. Hall and Does 1 to 30)**

12       42.     Plaintiff repeats, realleges and incorporates by reference all factual contents and

13   each and every allegation of the preceding paragraphs as though fully set forth herein.

14       43.     On or about June 27, 2017, Defendant E. Hall physically assaulted, battered,

15   unreasonably seized and inflicted corporal and summary punishment, causing Plaintiff to suffered

16   great and extreme bodily injury, including but not limited to a torn rotator cuff, under color of law

17   without justification, and with reckless disregard of his civil rights, yanking Plaintiff's right arm

18   with great force despite the fact that Plaintiff was not resisting and was complying with all of

19   Defendant E. Hall's commands as set forth in detail in Plaintiff's factual allegations.

20       44.     Plaintiff asserts claims of cruel and unusual punishment as well as excessive force

21   in violation of his Eighth Amendment rights under the U.S. Constitution against these Defendants

22   based upon unjustified, unreasonable, and excessive force as well as the unjustified and

23   unreasonable seizure of Plaintiff's person, which each caused injury to Plaintiff and under color

24   of law. Each of the foregoing Constitutional violations was the direct and legal cause of all of

25   Plaintiff's injuries and damages.

26       45.     At all times Plaintiff's seizure and the use of force exhibited by Defendant

27   E. Hall and Does 1 to 30 was deliberate, unjustified, unreasonable, and greater than the force

28   warranted under the circumstances. At all times during the use of force against Plaintiff,

1    Defendants were acting within the course and scope of their employment with CDCR and HDSP.

2        46.    At the time of the acts by Defendants, Plaintiff did not initiate the attack. Plaintiff

3    was the victim of the attack. Plaintiff was not carrying any weapons.  Plaintiff was simply

4    defending himself against the attackers.

5        47.    The seizure, assault, battery, and excessive use of force against Plaintiff were

6    entirely unjustified by any of Plaintiff's actions and constituted violations of his civil rights

7    specifically: (a) freedom from summary punishment; (b) freedom from harm under color of law

8    by HDSP and CDCR personnel; (c) freedom from unreasonable seizure; freedom from

9    unreasonable use of force; as well as (e) freedom from cruel and unusual punishment.

10       48.    Defendants subjected Plaintiff to the aforementioned deprivations with malicious

11   and sadistic intent to cause harm, actual malice, deliberate indifference, and/or reckless disregard

12   for his rights under the United States Constitution and the laws of the State of California.

13       49.    These Defendants acted at all times herein knowing that their conduct went against

14   the authorized practices, customs, procedures and policies of HDSP and CDCR and was unlawful

15   conduct in violation of the Eighth Amendment and the laws of the State of California. However,

16   Defendants E. Hall and Does 1 to 10 knew that Defendants HDSP and CDCR, acting through the

17   chief policymaker of CDCR, had ratified, condoned and acquiesced to their specific acts of

18   excessive force and abusive conduct through unauthorized, yet established practices, customs and

19   procedures and thus did not fear any repercussion from CDCR or HDSP in taking such unlawful

20   actions against Plaintiff.

21       50.    As the direct and proximate cause of the aforementioned acts of these Defendants,

22   Plaintiff suffered great bodily injury as described above in the factual allegations in addition to

23   suffering cruel and unusual punishment.

24       51.    By virtue of the provisions of 42 U.S.C. Section 1988, Plaintiff is entitled to and

25   demand an award of reasonable attorneys' fees and costs according to proof.

26       52.    The aforementioned acts of said Defendants were willful, wanton, malicious,

27   sadistic, and oppressive thereby justifying the awarding of exemplary and punitive damages as to

28   Defendant E. Hall and Does 1 to 30.

## V.   SECOND CAUSE OF ACTION – VIOLATION OF 42 U.S.C. § 1983

### Violation of Eighth Amendment

### Failure to Prevent; Deliberate Indifference to Health and Safety

### Denial of Due Process

### (Against Defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, E. Anderson, G. Chiguaque, B. Rice And Does 1 To 30)

53.     Plaintiff repeats, realleges and incorporates by reference all factual contents and each and every allegation of the preceding paragraphs as though fully set forth herein.

54.     Plaintiff asserts a violation of the Eighth Amendment on the basis of denial of due process pursuant to CDCR and HDSP rules and regulations as well as deliberate indifference to Plaintiff's health and safety as a prisoner and thus a ward of CDCR and HDSP prior to the assault and battery to Plaintiff's person by Defendant E. Hall which are each the direct and legal cause of Plaintiff's injuries and damages.

55.     At all times during the aforementioned acts against Plaintiff, Defendants were acting within the course and scope of their employment with Defendants CDCR and HDSP.

56.     Defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, E. Anderson, G. Chiguaque, B. Rice And Does 1 To 30 have a duty to exercise due care in the operation and the maintenance of security at HDSP for the health, safety, and security of inmates and its personnel.

57.     Pursuant to that duty, Defendants CDCR and HDSP, along with Defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, E. Anderson, G. Chiguaque, B. Rice And Does 1 To 30 have implemented policies and procedures related to health, safety, and use of force against inmates at HDSP under any and all circumstances. Defendants' actions and inactions breached the duty of care they owed to Plaintiff under common law as well as the Eighth Amendments by not maintaining the security of the C-yard where dangerous and violent inmates are allowed to roam and the security and safety of Plaintiff on June 27, 2017. This breach caused Plaintiff physical pain and suffering as well as extreme emotional distress.

58.     Defendants breached the duty of care they owed Plaintiff intentionally, purposely, knowingly, recklessly, with deliberate indifference, with gross negligence and/or negligently and without regard to human safety, security, fundamental rights of fairness, and those rights guaranteed by the California Constitution and the Constitution of the United States of America and its corresponding Amendments.

59.     Defendants knew, or should have known of CDCR and HDSP policies and procedures regarding use of force and quelling inmate altercations, and sequestering and/or segregating severely injured inmates, such as Plaintiff, from other known dangerous and violent inmates and had actual, implied, or constructive notice of the ineffective security measures being employed at HDSP, particularly the yard, leading up to the acts and omissions of its Defendant officers and employees, and had the power to take reasonable steps to prevent or aid in the prevention of said tortious actions or omissions. In the exercise of due diligence, Defendants could have taken reasonable preventative action.

60.     On or about June 27, 2017, Defendants, each of them failed to follow HDSP and CDCR policies and procedures related to inmate security in the yard, including but not limited to failing to prevent the attack by dangerous and violent by prisoners on prisoners that Defendants observe are injured and vulnerable to attack such as Plaintiff.  On information and belief, Defendants observed Plaintiff injured, observed him walking in the C-yard after being ordered from the infirmary, observed him walking in pain, observed Plaintiff not interacting with any other inmates, observed the 2 attackers approaching Plaintiff in an angry and hostile manner and failed to address these attackers in any manner prior to the second attack.

61.     This failure to maintain the security of the yard, and the proper segregation of inmates was a breach in HDSP and CDCR's standards, policies and procedures, which caused Plaintiff to be attacked and sustain injuries and damages.

62.     Defendants subjected Plaintiff to the aforementioned deprivations with malicious and sadistic intent to cause harm, actual malice, deliberate indifference, or reckless disregard for his rights under the United States Constitution, the laws of the State of California, and his physical wellbeing as set forth in detail in Plaintiff's factual allegations, and upon information

1   and belief failed to comply with prison procedures.

2       63.     At all times during the intentional and/or negligent conduct of Defendants E. Hall,

3   D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, E.

4   Anderson, G. Chiguaque, B. Rice And Does 1 To 30, each of them was acting within the course

5   and scope of  their employment by CDCR and HDSP.

6       64.     At the time of said acts by Defendants, Plaintiff s conduct did not warrant their

7   failure to intervene on his behalf by providing adequate security measures.

8       65.     At the time of the acts by Defendants, Plaintiff was not displaying behavior and

9   did not possess any weapon to substantiate Defendant E. Hall yanking his arm.

10      66.     Defendants acted at all times herein knowing that their conduct went against the

11  authorized practices, customs, procedures and policies of HDSP and CDCR and was unlawful

12  conduct in violation of the Eighth Amendment and the laws of the State of California. However,

13  Defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A.

14  Wentz, E. Anderson, G. Chiguaque, B. Rice And Does 1 To 30, knew that Defendants CDCR and

15  HDSP, had ratified, condoned, and acquiesced to their specific acts of excessive force and

16  abusive conduct through unauthorized, yet established practices, customs and procedures and thus

17  did not fear any repercussion from CDCR or HDSP in failing to provide adequate security

18  measures and safety at HDSP for Plaintiff's benefit.

19      67.     As the direct and proximate cause of the aforementioned negligent and/or

20  intentional acts and omissions of these Defendants, Plaintiff suffered physical injuries and severe

21  emotional distress and damages in an amount to be proven at trial.

22      68.     By reason of the aforementioned acts and omissions of Defendants, Plaintiff was

23  required to retain counsel to institute and prosecute the within action, and Plaintiff requests

24  payment by Defendants of a reasonable sum, as and for attorneys' fees pursuant to 42 U.S.C.

25  1988.

26      69.     The unlawful conduct against Plaintiff constituted an unreasonable, unwarranted

27  and unjustifiable denial of Plaintiff's right to health and safety as well as prevention of

28  unjustifiable excessive force and corporal punishment and denial of medical treatment under

1   color of authority, without legal cause of justification, and manifested an unreasonable risk of

2   injury and damages to Plaintiff.

3        70.    Plaintiff is informed and believes and thereon alleges that the aforementioned acts

4   of these individual Defendants were willful, malicious, sadistic, intentional, oppressive, reckless

5   and/or were done in willful, malicious, intentional, oppressive reckless and conscious disregard of

6   the rights, welfare, and safety of Plaintiff with the intent to cause harm, thereby justifying the

7   awarding of punitive and exemplary damages in an amount to be determined at time of trial,

8   except as to Defendants CDCR, HDSP and CHCS.

9           **VI.**     **STATE CAUSE OF ACTION**

10           **THIRD CAUSE OF ACTION**

11     **State Violations under California Civil Code § 52.1 "The Bane Act"**

12   **(Against Defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N.**

13        **Smith, Shannon, A. Wentz, E. Anderson And Does 1 To 30)**

14        71.    Plaintiff repeats, realleges and incorporates by reference all factual contents and

15   each and every allegation of the preceding paragraphs as though fully set forth herein.

16        72.    This cause of action is brought pursuant to the Bane Civil Rights Act, Cal. Civ.

17   Code §52.1 "The Bane Act."

18        73.    On or before June 27, 2017, Plaintiff possessed the rights guaranteed by the

19   Constitution and Statutes of the State of California, the Constitution of the United States of

20   America, and California Civil Code §51.7, which provides such rights that include but are not

21   limited to, the right to be free from personal injury, insult, cruel and unusual punishment, medical

22   aid, and interference with relations on the basis of hate motivation.

23        74.    On or about June 27, 2017, Defendants E. Hall, D. Hollandsworth, Robert David,

24   B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, E. Anderson And Does 1 To 30 interfered

25   with Plaintiff's constitutional and statutory rights by failing to maintain proper security measures

26   at HDSP, which resulted in Plaintiff being attacked in the yard at HDSP. These oversights lead to

27   Plaintiff being shot and killed. Defendant E. Hall interfered with Plaintiff's constitutional and

28   statutory rights by committing acts of violence, excessive force, unreasonable seizure and causing

1   Plaintiff's injury by yanking his arm unreasonably and with great force. Defendants E. Hall, D.

2   Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A. Wentz, E. Anderson

3   And Does 1 To 30 interfered with Plaintiff's rights by preventing him from receiving immediate

4   medical assistance and aid.

5       75.     Defendants' unreasonable assault, battery, denial of medical attention for his

6   injuries, and failure to segregate Plaintiff from other dangerous and violent inmates after he was

7   injured was a substantial factor in causing the Plaintiff's injuries and damages.

8       76.     At all times Plaintiff's seizure and the use of force exhibited by Defendant E. Hall

9   and Does 1 to 30 was deliberate, unjustified, unreasonable, and greater than the force warranted

10  under the circumstances under color of law.

11      77.     Said Defendants subjected Plaintiff to the aforementioned deprivations with

12  malicious and sadistic intent to cause harm and/or through actual malice, deliberate indifference

13  and reckless disregard for his rights under the United States Constitution and the laws of the State

14  of California and were motivated by hate of Plaintiff's status as an inmate and an African

15  American.

16      78.     These Defendants acted at all times herein knowing that their conduct went against

17  the authorized practices, customs, procedures and policies of HDSP and was unlawful conduct in

18  violation of the United States Constitution and the laws of the State of California. However,

19  Defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A.

20  Wentz, E. Anderson And Does 1 To 30 knew that Defendants CDCR and HDSP, acting through

21  the chief policymaker for CDCR, had ratified, condoned, acquiesced to their specific acts of

22  unreasonable seizure, excessive force, and abusive conduct through unauthorized, yet established

23  practices, customs and procedures and thus did not fear any repercussion from CDCR or HDSP in

24  taking the unlawful actions against Plaintiff.

25      79.     As the direct and proximate cause of the aforementioned negligent and/or

26  intentional acts and omissions of these Defendants, Plaintiff suffered physical injuries and severe

27  emotional distress and damages in an amount to be proven at trial.

28      80.     By reason of the aforementioned acts and omissions of Defendants, Plaintiff was

1    required to retain counsel to institute and prosecute the within action, and Plaintiff requests

2    payment by Defendants of a reasonable sum, as and for attorneys' fees pursuant to 42 U.S.C.

3    1988.

4          81.    The aforementioned acts of said Defendants were willful, wanton, malicious and

5    oppressive thereby justifying the awarding of exemplary and punitive damages as to the

6    individually named Defendants, specifically excepting CDCR, HDSP, CHCS, B. Rice and N.

7    Chiguaque.

8                        **VII.    FOURTH CAUSE OF ACTION**

9                          **Violation of California State Law:**

10                                      **Battery**

11                 **(Against Defendants E. Hall And Does 1 To 30)**

12         82.    Plaintiff repeats, realleges and incorporates by reference all factual contents and

13   each and every allegation of the preceding paragraphs as though fully set forth herein.

14         83.    This cause of action is brought pursuant to California Civil Code §43.

15         84.    On or about June 27, 2017, Defendant E. Hall yanked Plaintiff's right arm causing

16   him to suffer a torn rotator cuff, excruciating pain and suffering.

17         85.    Defendant E. Hall and Does 1 to 30 intentionally seized and used excessive force

18   against Plaintiff and/or allowed excessive force to be used against Plaintiff which resulted in a

19   harmful and offensive contact with Plaintiff's person.

20         86.    At the time Plaintiff's arm was violently yanked, the circumstances did not justify

21   the amount of force employed, Plaintiff was intentionally touched by Defendants in a harmful and

22   offensive manner to which Plaintiff did not consent, and he was harmed by this contact. This

23   assault and physical battery to Plaintiff's person was the direct and legal cause of Plaintiff's torn

24   rotator cuff. At all times during the assault and unlawful touching of Plaintiff, Defendants were

25   acting within the course and scope of their employment for CDCR and HDSP.

26         87.    Plaintiff is informed and believes and thereon alleges that the aforementioned acts

27   of these individual Defendants were performed with malicious and sadistic intent to cause harm,

28   willful, malicious, intentional, oppressive, reckless and/or were done in willful, malicious,

1   intentional, oppressive, reckless and conscious disregard of the rights, welfare and safety of

2   Plaintiff, thereby justifying the award of punitive and exemplary damages in amount to be

3   determined at time of trial, against Defendant E. Hall only as it relates to this cause of action only.

4        88.    As the direct and proximate cause of the aforementioned acts and omissions of

5   these Defendants, Plaintiff suffered physical injuries and severe emotional distress and damages

6   in an amount to be proven at trial.

7                    **VIII.   <u>FIFTH CAUSE OF ACTION</u>**

8                    **Violation of California State Law**

9        **Negligence and Negligent Infliction of Emotional Distress**

10                       **(Against all Defendants)**

11       89.    Plaintiff repeats, realleges and incorporates by reference all factual contents and

12   each and every allegation of the preceding paragraphs as though fully set forth herein.

13       90.    This cause of action is brought pursuant to the California Constitution, California

14   Statutes - specifically California Government Code §§ 815.6, 815.2 subdivision (a), and 844.6(d)-

15   and all relevant California case law and prevailing precedent.

16       91.    Plaintiff are informed and believe and thereon allege that on June 27, 2017,

17   Defendants E. Hall, D. Hollandsworth, Robert David, B. Speiker, Phillips, N. Smith, Shannon, A.

18   Wentz, E. Anderson, G. Chiguaque, B. Rice And Does 1 To 30 were officers, sergeants,

19   lieutenants, and medical personnel who were at the time of committing the acts alleged

20   hereinafter, employees of Defendant CDCR, HDSP and/or CHCS and were acting within the

21   course and scope of their respective duties and with the complete authority and ratification of

22   Defendant CDCR, HDSP, and/or CHCS and under the supervision and guidance of all

23   Defendants and Does 1 to 30.

24       92.    While Plaintiff was a prisoner in their custody, all Defendants and Does 1 to 30

25   owed a duty of care to Plaintiff to take reasonable steps to protect him from physical use of force

26   from prison guards, not to engage in acts evidencing deliberate indifference to his health, safety,

27   and medical needs, to provide staff who are competent to deal with inmate altercations and detain

28   prisoners in a reasonable, safe and less dangerous manner than employing violent force, and to

exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of officers, employees and agents.  Defendants also owed a duty of care to Plaintiff to ensure that no inmates possessed dangerous and deadly weapons, including but not limited to knives, that could and would cause serious and fatal injuries to inmates. Defendants also owed a duty of care to Plaintiff to ensure that he would not be harmed while he was in a vulnerable state, injured and bleeding, in pain, and susceptible to attack by dangerous and violent inmates at HDSP, including but not limited to segregating Defendant from the C-yard and general population. Defendants also owed a duty of care to provide proper medical care to Plaintiff for his injuries.

93.    Defendants each breached their respective duties intentionally, purposely, knowingly, recklessly, with deliberate indifference, with gross negligence, and/or negligently and without regard to human safety, security, fundamental rights of fairness, and those rights guaranteed by the California Constitution of the United State of America and its corresponding Amendments.

94.    As a direct and proximate result of these several breach of duties, Plaintiff was caused to suffer physical injury pain and suffering, fear, severe mental anguish, and emotional distress.

95.    Plaintiff has incurred damages for which each Defendant is liable due to the breach of their corresponding duties as described above.

96.    Defendants engaged in outrageous conduct towards Plaintiff of a type not condoned in a civilized society with negligent and reckless disregard of the probability for causing Plaintiff to suffer injuries and severe emotional distress and with wanton and reckless disregard. At all times herein, Defendants were acting within the course and scope of their employment of Defendants CDCR, HDSP, and CHCS.

97.    As a direct and proximate result of these Defendants' negligent and outrageous conduct, Plaintiff was caused to suffer physical injury, pain and suffering, fear, and severe mental anguish.  Defendants' acts were negligent yet done with malicious and sadistic intent to cause harm. Plaintiff are entitled to general and special damages in amounts to be proven at trial.

1 | **WHEREFORE**, Plaintiff pray for judgment against Defendants and each of them as follows:

2 |     a. For general damages according to proof;

3 |     b. Compensatory damages according to proof;

4 |     c.  For punitive and exemplary damages against all Defendants sued in  their individual

5 | capacities in an amount sufficient to deter and to make an example for each such individual

6 | Defendant;

7 |     d. For consequential and incidental damages according to proof;

8 |     e. For prejudgment interest according to proof;

9 |     f.  For costs of suit, including reasonable attorney's fees and litigation expenses a provided

10 | by Federal and State laws, including but not limited to 42 U.S.C. §1988, the Americans With

11 | Disabilities Act, California Civil Code §52.1 and §52, and California Code of Civil Procedure

12 | §1021.5; and

13 |     g. For such further relief as this Honorable Court deems just and proper.

DATED:  December 13, 2019

LAW OFFICES OF AARON L. TURNER

By _____

AARON L. TURNER, Attorney for Plaintiff
CHARLES JOHNSON

### JURY DEMAND

Plaintiff, by counsel, pursuant to Fed. R. Civ. P. 38 and Civil L.R. 3-6, demands a trial by jury on all issues so triable.

DATED:  December 13, 2019

LAW OFFICES OF AARON L. TURNER

By _____

AARON L. TURNER, Attorney for Plaintiff
CHARLES JOHNSON

PROOF OF SERVICE (C.C.P. §1013a and §2015.5)
STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action. I am employed by LAW OFFICES OF AARON L. TURNER, and my business address is 357 W. 2nd Street, Suite 10, San Bernardino, California 92401.

On December 13, 2019, I caused the foregoing document described as PLAINTIFF'S FIRST AMENDED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 on the interested parties in said action by placing a true copy thereof, enclosed in a sealed envelope, and delivered to the following addresses:

Attn: Janet N. Chen, Esq.
DEPUTY ATTORNEY GENERAL
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
VIA US EXPRESS MAIL NUMBER:
EJ 021 180 807 US

( )     [BY MAIL]        I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Bernardino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( )     [BY FAX]        On the interested parties in this action pursuant to C.R.C. Rule 2009(b). The FAX numbers that I used are listed above and/or on the attached proof of service list. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine.

(X)     [BY OVERNITE]     By depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

(X)     [BY E-MAIL OR ELECTRONIC TRANSMISSION] Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 13, 2019, at San Bernardino, California.

AARON L. TURNER