UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES JOHNSON,

    Plaintiff,

v.

E. HALL, et al.,

    Defendants.

No. 2: 19-cv-1752 MCE KJN P

ORDER

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 5, 2019, defendants removed this action from Lassen County Superior Court. On September 13, 2019, the undersigned dismissed plaintiff's claims alleging violations of the Fourth and Fourteenth Amendments with leave to amend. (ECF No. 3.) Pending before the court is plaintiff's first amended complaint. (ECF No. 7.)

Plaintiff's Allegations

Named as defendants are: the California Department of Corrections and Rehabilitation ("CDCR"); High Desert State Prison ("HDSP"); California Correctional Health Care Services ("CCHCS"); Officer Hall; Officer Hollandsworth; Officer David; Officer Speiker; Officer Phillips; Officer Smith; Officer Shannon; Officer Wentz; Officer Anderson; Nurse Chiguaque; and Nurse Rice.

////

1

Plaintiff alleges that on June 27, 2017, plaintiff was incarcerated at HDSP. (ECF No. 7 at 6.) In the morning hours of June 27, 2017, plaintiff was on the C-yard working out when he was attacked on his back and jaw by another inmate. (Id.) The inmate stabbed plaintiff. (Id.) Plaintiff alleges that defendants Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and Anderson were watching C-yard. (Id.) Plaintiff alleges that these defendants were "charged with the duty as Facility C Observation officers, and were charged with the safety and security of plaintiff." (Id.) Plaintiff alleges that the alarm never sounded. (Id.) Plaintiff alleges that these defendants observed the attack on plaintiff, observed plaintiff's injuries and observed plaintiff's pain. (Id.)

Plaintiff alleges that after the attack, he grabbed a towel and proceeded toward the gun tower where defendant Wentz did not want to let plaintiff be treated by medical staff, while observing plaintiff's injuries including his stab and cut wounds. (Id.) Plaintiff alleges that he was eventually let inside of the medical portion of the facility and was told by a correctional officer that somebody had long fingernails because plaintiff had cuts on his back. (Id.)

Plaintiff was put in a holding cell where he started cleaning his own wounds. (Id.) Plaintiff noticed that he had a 6 to 7 inch cut on the back of his shoulder along with wounds to the back of his head and a stab wound to his cheek. (Id.) Plaintiff was bloody and bleeding continuously as a result of his injuries and was in extreme pain. (Id.) The injuries caused plaintiff to have bloody clothes. (Id.) Plaintiff alleges that defendants Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz and Anderson observed his injuries and outward manifestation of extreme pain. (Id.)

As plaintiff cleaned his wounds, defendant Wentz received a call from an unknown correctional officer and immediately told defendant Chiguaque that plaintiff needed to go back to the yard, despite his injuries and pain, because "they" were not through with him yet. (Id.) Neither defendant Chiguaque, nor defendant Rice who was also present, insisted that plaintiff be treated for his extreme injuries prior to being ordered to return to the yard. (Id. at 6-7.) Defendants Rice and Chiguaque observed plaintiff's wounds but failed to treat them. (Id.)

////

Defendant Wentz ordered plaintiff back to the yard despite the fact that plaintiff was injured, in pain and subject to further attack because of the vulnerable state that plaintiff was in. (Id. at 7.) Plaintiff alleges that defendant Wentz knew that plaintiff was vulnerable to attack by other inmates based on his years of employment, training and experience. (Id.)

Plaintiff alleges that the defendants knew that violent inmates attack other inmates that are in a weakened and vulnerable condition because they will not be able to defend themselves. (Id.) Plaintiff alleges that,

> Plaintiff was not given a change of clothes and was order[ed] to go back to the yard with other dangerous inmates, that defendants and each of them knew were dangerous, in the same bloody clothes that he wore during the initial attack and knowing that because of the severe injuries that plaintiff sustained, he was not in a position to defend himself should he be attacked and would be subject to attack by inmates who prey on the weak.

(Id.)

Plaintiff alleges that approximately two minutes after he returned to C yard, two inmates approached plaintiff in an angry and hostile manner while defendants Hall, Hollandsworth, David, Speiker, Smith, Shannon, Wentz and Anderson observed the inmates approaching plaintiff. (Id.) These inmates attacked plaintiff. (Id.) Plaintiff alleges that the defendants did nothing to stop the attack, despite seeing that plaintiff was severely injured, in a vulnerable state and unable to defend himself, and observing the two inmates coming over to plaintiff in an angry and hostile manner to attack him. (Id.)

Plaintiff alleges that after the two inmates attacked him, the alarm sounded. (Id. at 8.) Defendant Hall ordered plaintiff to lay on the ground in a prone position with his arms pointed out and away from his sides. (Id.) Plaintiff immediately fully complied and laid down on the ground in defendant Hall's presence. (Id.) Although plaintiff was fully compliant, defendant Hall yanked plaintiff's arm back and caused plaintiff to suffer a torn rotator cuff in his right shoulder. (Id.)

Plaintiff's Legal Claims

*Excessive Force—Defendant Hall*

Plaintiff alleges that defendant Hall used excessive force in violation of the Eighth Amendment when he yanked plaintiff's arm back and caused plaintiff to suffer a torn rotator cuff.

Plaintiff has stated a potentially colorable Eighth Amendment claim against defendant Hall.

*Failure to Protect—Defendants Hall, Hollandsworth, David, Speiker, Phillips, Smith, Shannon, Wentz, Anderson, Chiguaque, Rice*

Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To succeed on a failure-to-protect claim against an official, an inmate must establish three elements. First, the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm. Id. Second, he must show that the official was deliberately indifferent to his safety. Id. "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial of serious harm exists, and he must also draw the inference." Id. Third, the inmate must show that the defendants' actions were both an actual and proximate cause of his injuries. Lemire v. Cal. Dept. of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013).

Plaintiff appears to base his Eighth Amendment failure-to-protect claim on the alleged second attack. The theory on which plaintiff bases this claim is not entirely clear. However, plaintiff claims that defendants violated the Eighth Amendment by failing to "follow HDSP and CDCR policies and procedures related to inmate security in the yard, including but not limited to failing to prevent the attack by dangerous and violent [sic] by prisoners on prisoners that defendants observe are injured and vulnerable to attack such as plaintiff." (ECF 7 at 14.) Thus, it appears that plaintiff is alleging that defendants violated the Eighth Amendment by failing to follow HDSP and CDCR policies and procedures.

Although plaintiff alleges that defendants failed to follow HDSP and CDCR policies and procedures, the amended complaint does not identify any specific policies and procedures defendants allegedly failed to follow that caused the second attack. For this reason, plaintiff has not stated a potentially colorable Eighth Amendment failure-to-protect claim. Accordingly, this claim is dismissed.[1]

---

[1] Plaintiff's factual allegations suggest other potential theories for an Eighth Amendment claim. For example, plaintiff alleges that defendant Wentz told plaintiff that "they" were not through

It also appears that plaintiff may be claiming that defendants' alleged failure to follow HDSP and CDCR policies and procedures violated his right to due process in addition to the Eighth Amendment. "'[W]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) (quoting Albright v. Oliver, 510 U.S. 266, 273 (1994); Graham v. Connor, 490 U.S. 386, 395 (1989)).

The Eighth Amendment supplies an explicit textual source of constitutional protection when an inmate is denied the right to be free from a knowing and intentional disregard of his safety. Therefore, the Eighth Amendment's Cruel and Unusual Punishment Clause, and not the more general Fourteenth Amendment Due Process Clause, governs the constitutionality of defendants' actions. See Ramirez v. Groh, 298 F.3d 1022, 1029 (9th Cir. 2002) ("the Supreme Court has held that plaintiffs cannot 'double up' constitutional claims in this way.") Accordingly, plaintiff's due process claim is dismissed. Plaintiff should not include a due process claim in a second amended complaint unless the undersigned has misunderstood the grounds of plaintiff's due process claim.

*Bane Act*

Plaintiff alleges that defendants violated California Civil Code Section 52.1, known as the Bane Act. For the reasons stated herein, plaintiff's Bane Act claim is dismissed.

"The Tom Bane Civil Rights Act, 1987 Cal. Stat. 4544, was enacted in 1987 to address hate crimes." Reese v. County of Sacramento, 888 F.3d 1030, 1040 (9th Cir. 2018). "The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out 'by threats, intimidation or coercion.'" Id. (citations omitted). "Section 52.1 'provides a cause of action for violations of a plaintiff's state or federal civil rights committed by 'threats, intimidation, or coercion.'" Id. (citations omitted).

Plaintiff's Bane Act claim is dismissed because plaintiff fails to allege that defendants violated his state or federal rights by threat, intimidation or coercion. In addition, the undersigned

---

with him yet when he ordered plaintiff to return to the yard. The undersigned only considers the legal theories pled by counsel because plaintiff is represented by counsel.

5

observes that in the discussion of his Bane Act claim, plaintiff alleges that defendants' "oversights lead to plaintiff being shot and killed." (ECF No. 7 at 16: 26-27.) Because the amended complaint contains no other allegation or claim that <u>plaintiff was shot and killed</u> (emphasis added), the undersigned presumes that this allegation is a mistake. Accordingly, the allegation that plaintiff was shot and killed is disregarded.

*Battery*

Plaintiff alleges that defendant Hall committed battery, in violation of state law, when he caused plaintiff's torn rotator cuff. Plaintiff has stated a potentially colorable battery claim against defendant Hall.

*Negligence*

Plaintiff alleges that all defendants acted negligently in violation of California law. In support of this claim, plaintiff alleges, in relevant part,

> 92. While plaintiff was a prisoner in their custody, all Defendants and Does 1 to 30, owed a duty of care to plaintiff to reasonable steps to protect him from physical use of force from prison guards, not to engage in acts evidencing deliberate indifference to his health, safety and medical needs, to provide staff who are competent to deal with inmate altercations and detain prisoners in a reasonable, safe and less dangerous manner than employing violent force, and to exercise due care in the hiring, selection, training, supervising, oversight, direction, investigation, rewarding, discipline and control of officers, employees and agents. Defendants also owed a duty of care to plaintiff to ensure that no inmates possessed dangerous and deadly weapons, including but not limited to knives, that could and would cause serious and fatal injuries to inmates. Defendants also owed a duty of care to plaintiff to ensure that he would not be harmed while he was in a vulnerable state, injured and bleeding, in pain and susceptible to attack by dangerous and violent inmates at HDSP, including but not limited to segregating Defendant [sic] from the C-yard and general population. Defendants also owed a duty of care to provide proper medical care to plaintiff for his injuries.

(ECF No. 7 at 19-20.)

A public employee is liable for injury to a prisoner "proximately caused by [the employee's negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Under California law, the required elements of a negligence claim are a legal duty to use due care; a breach of such legal duty; and injury proximately or legally caused by the breach. <u>Kesner v. Superior Court</u>, 1 Cal. 5th 1132, 1142 (2016).

6

The amended complaint fails to allege the specific duty of care breached by each defendant. Instead, the amended complaint generally alleges duties of care breached by all defendants. These allegations are not sufficient to state a potentially colorable negligence claim against each defendant. Accordingly, plaintiff's negligence claim is dismissed.

Conclusion

As discussed above, plaintiff has stated potentially colorable Eighth Amendment and battery claims against defendant Hall based on the allegations that defendant Hall yanked plaintiff so hard that it caused plaintiff to suffer a torn rotator cuff.

For the reasons discussed above, plaintiff's remaining claims are dismissed. The undersigned grants plaintiff one final opportunity to amend his complaint. If plaintiff does not file a second amended complaint, this action will proceed on the potentially colorable claims discussed above.

If plaintiff opts to file a second amended complaint, the undersigned makes the following observations.

Plaintiff's first amended complaint contains several errors suggesting that counsel did not carefully review the first amended complaint before filing it with the court. As discussed above, the discussion of the Bane Act claim contains a sentence, apparently erroneously, alleging that plaintiff was shot and killed. In the claim for relief at the conclusion of the amended complaint, plaintiff states that he is seeking costs and attorneys' fees for a suit filed pursuant to the Americans with Disabilities Act ("ADA"). (ECF No. 7 at 21.) The amended complaint does not contain an ADA claim. If plaintiff files a second amended complaint, the undersigned expects that counsel will carefully review the second amended complaint before filing it with the court.[2]

---

[2] Federal Rule of Civil Procedure 11(b) provides in part that "[b]y presenting to the court a pleading, written motion, or other paper," an attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; "(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument…"; and "(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Sanctions are authorized for Rule 11 violations. When a "complaint is the primary focus

7

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order to file a second amended complaint; if plaintiff files a second amended complaint, defendants are not required to respond to the second amended complaint until ordered by the court;

2. If plaintiff does not file a second amended complaint within thirty days of the date of this order, the undersigned will order defendant Hall to file a response to the potentially colorable Eighth Amendment and battery claims; the undersigned will also recommend dismissal of those claims found not potentially colorable above.

Dated: April 7, 2020

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

John1752.ame

---

of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (quoting Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002)). "As shorthand for this test, the word 'frivolous' is used 'to denote a filing that is both baseless and made without a reasonable and competent inquiry.'" Magic Leap, Inc. v. Bradski, 2017 WL 7243566, at *1 (N.D. Cal. Feb. 10, 2017) (citations omitted).