UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHARLES JOHNSON, | No. 2: 19-cv-1752 MCE KJN P |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| E. HALL, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 5, 2019, defendants removed this action from state court. (ECF No. 1.)

    Pending before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.)

Legal Standard for 12(b)(6) Motion

    A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

1

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013).  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.  Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend.  See, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

Plaintiff's Claims

This action proceeds on plaintiff's second amended complaint filed June 16, 2020, as to defendants Hall, California Department of Corrections and Rehabilitation ("CDCR") and High Desert State Prison ("HDSP").  (ECF No. 14.)

////

In claim one, plaintiff alleges that defendant Hall used excessive force on June 27, 2017, in violation of the Eighth Amendment, when he yanked plaintiff's arm and caused plaintiff to suffer a torn rotator cuff and other injuries. In claim two, plaintiff alleges that defendant Hall committed battery on June 27, 2017, in violation of state law, when he yanked plaintiff's arm and caused plaintiff to suffer a torn rotator cuff and other injuries.

In claim three, plaintiff alleges that all defendants acted negligently, in violation of state law. Plaintiff alleges that defendants CDCR and HDSP acted negligently by failing to properly train defendant Hall in the use of force policies, which resulted in defendant Hall yanking plaintiff's arm and causing a torn rotator cuff and other injuries. Plaintiff alleges that defendant Hall's negligence caused plaintiff to suffer the torn rotator cuff and other injuries.

Discussion

*Requests for Judicial Notice*

In support of the motion to dismiss, defendants request that the court take judicial notice of documents related to plaintiff's California Government Claim and the court docket for Lassen County Superior Court Case No. 62151. (ECF No. 17.) In the opposition, in relevant part, plaintiff requests that the court take judicial notice of a docket for the California Court of Appeal. (ECF No. 20.)

These documents are properly subject to judicial notice as public records whose authenticity is not reasonably disputable. See Lawrence v. City of San Bernardino, 2005 WL 5950105, at *3 (C.D. Cal. July 27, 2005) ("Because a Government Claim is a public record, the Court takes judicial notice of Plaintiffs' filing of the Government Claim[.]"); Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).

*Did Plaintiff Fail to Comply with California Government Tort Claim Act?*

In the motion to dismiss, defendants move to dismiss plaintiff's state law claims against defendant Hall for failure to comply with the Government Tort Claim Act. (ECF No. 16 at 7.) However, defendants later indicate that they are moving to dismiss plaintiff's state law claims against all defendants. (Id. at 10.)

3

The filing of a timely claim with the public entity is a condition precedent to the filing of a lawsuit against a public entity or its employees. Le Mere v. L.A. Unified School Dist., 35 Cal.App. 5th 237, 246 (Cal. App. 2019) (The Government Claims Act "establishes certain conditions precedent to the filing of a lawsuit against a public entity...a plaintiff must timely file a claim for money or damages with the public entity...[and] [t]he failure to do so bars the plaintiff from bringing suit against that entity.") (internal citations omitted).  "Timely claim presentation is not merely a procedural requirement, but is a condition precedent to the claimant's ability to maintain an action against the public entity, and "[o]nly after the public entity's board has acted upon or is deemed to have rejected the claim may the injured person bring a lawsuit alleging a cause of action in tort against the public entity." Id. (internal citations omitted); Mangold v. California Pub. Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part [and] [w]here compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance, or the complaint is subject to general demurrer.") (internal citations and quotation marks omitted).

Defendants move to dismiss plaintiff's state law claims on the grounds that plaintiff failed to file a timely claim with the California Victim Compensation and Government Claims Board ("Board").  Defendants argue that the Board denied plaintiff's application for leave to file a late claim when it failed to respond to the application within 45 days.  Defendants also observe that the Lassen County Superior Court denied plaintiff's petition for relief in which he argued that his claim filed with the Board was timely.

In his opposition, plaintiff alleges that he has appealed the order by the Lassen County Superior court denying his petition. (ECF No. 19 at 7.)  Plaintiff alleges that the appeal is pending in the California Court of Appeal.  (Id.)

On December 29, 2020, the undersigned ordered plaintiff to inform the court of the status of his appeal.  (ECF No. 22.)  On January 7, 2021, plaintiff informed the court that his appeal is still pending in the California Court of Appeal.  (ECF No. 23.)

4

Based on plaintiff's pending appeal, the undersigned finds that consideration of the merits of defendants' motion to dismiss plaintiff's state law claims may be premature. The undersigned orders the parties to file further briefing addressing whether plaintiff's state law claims should be stayed pending the outcome of plaintiff's appeal.[1]  Accordingly, defendants' motion to dismiss plaintiff's state law claims on the grounds that plaintiff's tort claim was denied as untimely is vacated.

While the issue of whether plaintiff's state law claims may proceed is undecided, defendant Hall is ordered to file a response to plaintiff's Eighth Amendment claim.

*Are Defendants CDCR and HDSP Entitled to Eleventh Amendment Immunity?*

Defendants argue that even if the court finds that plaintiff may proceed on his state law claims against defendants CDCR and HDSP, these agencies are immune from suit pursuant to the Eleventh Amendment. In the opposition, plaintiff appears to agree with defendants' argument that defendants CDCR and HDSP are immune from suit pursuant to the Eleventh Amendment.

In the September 13, 2019 order screening plaintiff's complaint, at defendants' request, the undersigned found that defendants waived their Eleventh Amendment immunity by removing this action to state court:

> At the outset, the undersigned finds that a state waives Eleventh Amendment immunity by removing a case to federal court. See Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 619-24 (2002). That is so because "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter…in a federal forum." Id. at 624. The waiver applies to both state law and federal claims, regardless of the motive for removal, and irrespective of any amendments to the complaint made in federal court following removal. Embury v. King, 361 F.3d 562564-66 (9th Cir. 2004) ("hold[ing] to a straightforward, easy-to-administer rule in accord with Lapides:  Removal waives Eleventh Amendment immunity.")
>
> Because defendants removed this action, plaintiff's state and federal claims against defendants CDCR, HDSP and CCHCS are not barred

---

[1] In the further briefing, the parties may address whether plaintiff's state law claims should be stayed pursuant to the Younger abstention doctrine, if appropriate. See Younger v. Harris, 401 U.S. 37 (1971). The parties may address any other legal doctrine they deem applicable to consideration of whether plaintiff's state law claims should be stayed pending the outcome of plaintiff's appeal.

5

by Eleventh Amendment immunity.

(ECF No. 3 at 4.)

Defendants did not object to the September 13, 2019 order finding that they waived Eleventh Amendment immunity. By failing to object to the September 13, 2019 order, the undersigned finds that defendants waived Eleventh Amendment immunity. See Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("Express waiver is not required; a state 'waive[s] its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.'") (citations omitted).

In the alternative, the undersigned finds that defendants are not entitled to Eleventh Amendment immunity for the reasons stated in the September 13, 2019 order.

Accordingly, for the reasons set forth above, defendants' motion to dismiss plaintiff's state law claims against defendants CDCR and HDSP on the grounds that they are entitled to Eleventh Amendment immunity should be denied.

*Claims Against Defendants CCHCS, Hollandsworth, Wentz, Smith, Anderson, Speiker, David, Shannon and Phillips*

Defendants CCHCS, Hollandsworth, Wentz, Smith, Anderson, Speiker, David, Shannon and Phillips were named as defendants in plaintiff's first amended complaint, but not as defendants in the operative second amended complaint. Because it appears that plaintiff has abandoned his claims against these defendants, defendants now request that these defendants be dismissed.

In his opposition, plaintiff states that he agrees that defendants CCHCS, Hollandsworth, Wentz, Smith, Anderson, Speiker, David, Shannon and Phillips should be dismissed. Good cause appearing, the undersigned construes plaintiff's opposition to contain a request to voluntarily dismiss these defendants. Pursuant to Fed. R. Civ. P. 41(a), plaintiff's request shall be honored.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss plaintiff's state law claims for failing to comply with the Government Claims Act (ECF No. 16) is vacated;

2. Within thirty days of the date of this order, defendants shall file further briefing (or a

6

motion to stay, if appropriate), addressing whether plaintiff's state law claims should be stayed, as discussed above; plaintiff shall file a reply brief/opposition within twenty-one days thereafter;

3. Defendants CCHCS, Hollandsworth, Wentz, Smith, Anderson, Speiker, David, Shannon and Phillips are dismissed; the Clerk of the Court shall amend the court docket to reflect the dismissal of these defendants;

4. Within thirty days of the date of this order, defendant Hall shall file a response to plaintiff's Eighth Amendment claim; and

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss plaintiff's state law claims against defendants CDCR and HDSP on the grounds that they are entitled to Eleventh Amendment immunity (ECF No. 16) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 11, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

John1752.mtd(2)